UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD W. SIZEMORE,

               Petitioner,

v.                                         CASE NO. 04-CV-72282-DT
                                         HONORABLE VICTORIA A. ROBERTS

H. J. MARBERRY,

               Respondent.

_____/

## OPINION AND ORDER DENYING HABEAS CORPUS PETITION

Petitioner Ronald W. Sizemore has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241.  Also pending before the Court are Petitioner's Motion for Summary Judgment and his "Amended Motion and Supplement to [the] § 2241 Motion."  The habeas petition and motions challenge a decision by the federal Bureau of Prisons (BOP) not to reduce Petitioner's sentence for successful completion of a residential drug abuse program.  Respondent argues that the BOP's decision is not subject to attack.

Although the Court granted relief in a similar case, *see Hobbs v. Hemingway*, No. 04-CV-70678-DT (E.D. Mich. July 16, 2004), the Court declines to do so in this case.  The reasons follow.

### I.  Background

Petitioner is a federal inmate.  He pleaded guilty in the Western District of Missouri to possession of a firearm in relation to a drug trafficking offense.  *See* 18 U.S.C. § 924(c)(1).  On March 5, 2002, the trial court sentenced Petitioner to five years in prison and three years of supervised release.

While in prison, Petitioner completed a voluntary drug treatment program, which is

administered by the BOP.  Upon successful completion of the program, Petitioner hoped to be

eligible for early release from custody pursuant to 18 U.S.C. § 3621(e)(2)(B).  However, on

January 30, 2004, an administrator for National Inmate Appeals upheld the BOP's conclusion

that Petitioner's criminal offense was a crime of violence, which precluded him from receiving a

sentence reduction.

Petitioner filed his pending habeas petition on June 21, 2004.  The grounds for relief

allege that (1) the program statement interpreting § 3621(e) is invalid under *Bohner v. Daniels*,

243 F. Supp. 2d 1171 (D. Oregon 2003), and (2) the denial of a reduction in sentence violates

Petitioner's rights to due process and equal protection of the law, because the BOP has

determined that inmates with similar convictions are eligible for early release under § 3621(e).

Petitioner seeks immediate release from confinement.

## II.  Discussion

### A.  The Statute, Regulation, and Program Statement

Pursuant to 18 U.S.C. § 3621(b), the BOP must provide substance abuse treatment for

prisoners that have a treatable condition of substance addiction or abuse.  As an incentive for

successful participation in the program, the statute provides that

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after
> successfully completing a treatment program may be reduced by the Bureau of
> Prisons, but such reduction may not be more than one year from the term the
> prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Section 3621 does not define "nonviolent offense," nor establish other criteria for

determining eligibility for sentence reduction.  Consequently, in 1995, the BOP published a

2

regulation and program statement, which interpreted the statute.

On October 9, 1997, the BOP issued a new program statement, PS 5162.04, which places criminal offenses in categories, such as "crimes of violence" and crimes that may or shall preclude receipt of program benefits. *See* Resp. to Habeas Corpus Pet., Government Ex. 9. Among the crimes that are deemed crimes of violence in all cases are violations of 18 U.S.C. § 924(c) (firearms used in violent or drug trafficking crimes). *See* PS 5162.04, § 6.a.(1) (Oct. 9, 1997).

The BOP also amended its regulation in 1997. The effective date of the regulation was October 9, 1997, although the BOP did not publish the regulation in the Federal Register until October 15, 1997. *See* 62 Fed. Reg. 53691 (Oct. 15, 1997). The BOP sought comments on the regulation until December 15, 1997. On December 22, 2000, the BOP made the 1997 interim regulation final without making any changes in it. The regulation reads in relevant part:

§ 550.58 Consideration for early release.

An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.

(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

. . . .

(vi) Inmates whose current offense is a felony:

. . . .

3

(B) that involved the carrying, possession, or use of a firearm
or other dangerous weapon . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B).  As noted above, the BOP has concluded that Petitioner's

offense (possession of a firearm in relation to a drug trafficking offense, 18 U.S.C. 924(c))

precludes him from receiving a reduction in sentence under 18 U.S.C. § 3621(e)(2)(B).

## B.  *Bohner v. Daniels* **and** *Hobbs v. Hemingway*

Petitioner alleges that PS 5162.04 is invalid pursuant to *Bohner v. Daniels*, 243 F. Supp.

2d at 1171.  The District Court in *Bohner* held that PS 5162.04 could not be used to deny early

release, because it was not promulgated in compliance with the notice and comment procedures

of the Administrative Procedures Act (APA).  The District Court held in the alternative that the

program statement merely interpreted the 1997 interim regulation, which was invalid because the

BOP violated the APA's thirty-day advance notice requirement by making the regulation

effective on October 9, 1997, instead of thirty days after its publication in the Federal Register.

Petitioner also relies on *Hobbs v. Hemingway*, in which this Court adopted the rationale

in *Bohner v. Daniels* and concluded that PS 5162.04 could not be used to deny early release to

Hobbs.  The Court ordered the BOP to reconsider Hobbs' request for a sentence reduction

without regard to PS 5162.04.[1]

## C.  Interpretative v. Substantive Rules

Section 553(b) of Title 5, United States Code, requires administrative rules to be

---

[1]  The argument currently raised by Respondent was not raised in Respondent's initial
response to Hobbs' habeas petition.  When Respondent raised the argument in a motion for
reconsideration, the Court determined that Respondent had waived the substantive defense.

published in the Federal Register.  Publication of a substantive rule must be made no less than

thirty days before its effective date.  5 U.S.C. § 553(d).  However, the requirement of notice does

not apply "to interpretative rules, general statements of policy, or rules of agency organization,

procedure, or practice . . . ."  5 U.S.C. § 553(b)(3)(A).

After this Court issued its opinion in *Hobbs*, the Sixth Circuit published its decision in

*Dismas Charities, Inc. v. United States Dep't of Justice, Fed. Bureau of Prisons*, 401 F.3d 666

(6th Cir. 2005).  *Dismas Charities* distinguishes substantive rules from interpretative rules.  The

Sixth Circuit stated that, "'[f]or purposes of the APA, substantive rules are rules that create law,'

while in contrast '[i]nterpretive rules merely clarify or explain existing law or regulations and go

to what the administrative officer thinks the statute or regulation means.'" *Id*. at 679 (quoting

*First National Bank v. Sanders*, 946 F.2d 1185, 1188-89 (6th Cir. 1991) (quoting *S. California*

*Edison Co. v. Fed. Energy Regulatory Comm'n*, 770 F.2d 779, 783 (9th Cir. 1985)).  The Sixth

Circuit went on to say that

> [t]he distinction reflects the primary purpose of Congress in imposing
> notice and comment requirements for rulemaking--to get public input so as to get
> the wisest rules.  That purpose is not served when the agency's inquiry or
> determination is not "what is the wisest rule," but "what is the rule."  The
> interpretative rule exception reflects the idea that public input will not help an
> agency make the legal determination of what the law already is.

*Id*. at 680.  A rule does not lose its interpretative nature because of its substantial impact or

because it takes a new position and departs from a prior interpretation.  *Id*. at 681.


The "rules" in question in *Dismas Charities* were two legal memoranda written by legal

counsel for the BOP.  The Sixth Circuit determined that the memoranda were interpretative rules

and that "[t]he rulemaking requirements of § 553 of the APA do not apply to 'interpretative

rules.'" *Id*. at 679.  The Court held that a rule embodying "a pure legal determination of what the applicable law already is does not require notice and comment under APA § 553(b)."  *Id*. at 682.

## 1.  The Program Statement

The disputed "rule" in this case is PS 5162.04.  The stated purpose and scope of the program statement is to assist in the implementation of certain policies and programs of the BOP.  *See* PS 5162.04 at 1.  The objective of the program statement is to deny certain benefits if the inmate's underlying offense is deemed a crime of violence or is identified by the Director of the BOP as one that precludes receipt of program benefits.  *Id*. at 2.  The program statement and the 1997 interim regulation shifted the BOP's attention from the statutory meaning of "nonviolent offense" to interpreting the extent of the BOP's discretionary authority under § 3621(e)(2)(B).  *Boucher v. Lamanna*, 90 F. Supp. 2d 883, 890 (N.D. Ohio 2000).

In *Reno v. Koray*, 515 U.S. 50, 61 (1995), the Supreme Court described one of the BOP's program statements as an internal agency guideline, which was akin to an interpretive rule that did not require notice and comment under the APA.  And in *Gunderson v. Hood*, 268 F.3d 1149, 1154-55 (9th Cir. 2001), the Ninth Circuit held that PS 5162.04 is an interpretive rule, which merely clarified or explained existing law, and was not subject to the rigors of the APA.

This Court likewise concludes that PS 5162.04 is an interpretive rule, not a substantive rule.  The program statement clarifies the statute and existing regulation and explains what the BOP thinks the statute and regulation mean.  PS 5162.04 did not make law; rather, it says what the law is.  Therefore, the BOP was not required to promulgate the program statement under the APA.

## 2.  The Regulation

6

The BOP's 1997 interim *regulation*, in contrast, was a substantive rule, because it effected a change in existing law or policy by listing categories of inmates who would not be eligible for early release. *Gunderson v. Hood*, 268 F.3d at 1154. The regulation became effective before the public was given notice or an opportunity to comment on it. However, even assuming that the interim regulation was not promulgated in compliance with the APA,[2] it is only "invalid as to those persons disqualified by it prior to the issuance of the final rule." *Paulsen v. Daniels*, __ F.3d __, __, Nos. 03-35337, 03-35360, 03-35356, 03-35355, 03-35354, 03-35352, 03-35351, 03-35350, 03-35349, 03-35347, 03-35346, 03-35344, 03-35343, 03-35341, 03-35340, and 03-35339, 2005 WL 1523204, at *7 (9th Cir. June 27, 2005).

Petitioner enrolled in the BOP's drug abuse program in 2003. By then, the BOP's 1997 interim regulation had become final, *see* 65 Fed. Reg. 80745-49, following notice and an opportunity to be heard. The final regulation complied with the "notice and comment" requirement of the APA. Therefore, PS 5162.04 interprets a valid regulation, and the BOP did not err when it relied on the program statement and final regulation to deny early release to Petitioner.[3]

Furthermore, the Supreme Court held in *Lopez v. Davis*, 531 U.S. 230, 233 (2001), that the regulation "is a permissible exercise of the [BOP's] discretion under 18 U.S.C. §

---

[2] The Supreme Court has not addressed this issue. *See Lopez v. Davis*, 531 U.S. 230, 244 n.6. (2001) (declining to address the issue, because it was not raised or decided in the lower courts, nor presented in the petition for certiorari).

[3] *Bohner v. Daniels*, 243 F. Supp. 2d at 1171, addressed the BOP's 1997 program statement and *interim* regulation, not the final regulation.

7

3621(e)(2)(B)." The Supreme Court stated that the BOP's categorical exclusions are a reasonable interpretation of the statute and that the BOP "may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id*. at 243. The Supreme Court concluded that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. For all the foregoing reasons, Petitioner is not entitled to relief on the basis of his first claim.

## D. Due Process and Equal Protection

Petitioner's second and final claim alleges that he has been treated unfairly because inmates who have been convicted of similar charges have been granted early release benefits under § 3621(e)(2)(B). Petitioner contends that the disparate treatment is a violation of his rights to due process and equal protection.

### 1. Due Process

Petitioner's due process claim fails because neither the Constitution, nor § 3621(e)(2)(B), nor the BOP's regulation, created a liberty interest in early release. *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998); *Piccolo v. Lansing*, 939 F. Supp. 319, 321 (D. N.J. 1996). The BOP has substantial discretion in denying early release. *See Orr v. Hawk*, 156 F.3d at 653. Consequently, Petitioner was not deprived of a cognizable harm when the BOP denied him sentencing credit under § 3621(e)(2)(B), and the BOP's denial of a reduction in Petitioner's sentence did not deprive Petitioner of due process. *Orr v. Hawk*, 156 F.3d at 654 (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)); *Piccolo v. Lansing*, 939 F. Supp. at 321.

### 2. Equal Protection

8

Petitioner alleges that inmates with convictions similar to his were granted early release under § 3621(e)(2)(B). "The Equal Protection Clause requires public institutions to 'treat similarly situated individuals in a similar manner.'" *Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)). Moreover, "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment . . . ." *Hluchan v. Fauver*, 480 F. Supp. 103, 109 (D. N. J. 1979). Petitioner, however, has alleged "mere inconsistencies or erroneous decisions in prison management, which do not by themselves constitute a cognizable equal protection claim." *Clapper v. Wisconsin Dep't of Corrs.*, 946 F. Supp. 672, 680 (E.D. Wisc. 1996) (citing *Shango v. Jurich*, 681 F.2d 1091, 1103-05 (7th Cir. 1982), and *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)).

Furthermore, a governmental classification generally will be upheld if it bears a rational relationship to a legitimate governmental end and does not burden a fundamental right or target a suspect class. *Romer v. Evans*, 517 U.S. 620, 631 (1996). "Prisoners are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), and they have no constitutional or inherent right "to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Neb. Penal and Corr'l Complex*, 442 U.S. 1, 7 (1979). Therefore, the BOP's decision to exclude a prisoner from eligibility for early release under § 3621(e)(2)(B) must be rationally related to a legitimate governmental interest. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795-96 (E.D. Mich. 2001) (Borman, J.) (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1036-37 (5th Cir. 1998)); *Paydon v. Hawk*, 960 F. Supp. 867, 872 (D. N.J. 1997).

The BOP's decision to deny early release to persons convicted of a firearm offense is rationally related to a legitimate governmental interest in discouraging the unlawful use of

9

weapons and in protecting the public from potentially violent criminals.  *Perez v. Hemingway*, 157 F. Supp. 2d at 796.  The BOP, therefore, did not violate Petitioner's right to equal protection of the law by denying him early release on the basis of his firearm offense.  *See id*.

### III.  Conclusion

The BOP was not precluded from denying early release under § 3621(e)(2)(B), because its regulation was properly promulgated by the time it was applied to Petitioner, and its program statement was an interpretive rule, which was not required to be promulgated under the APA. The BOP's decision to deny early release for Petitioner's successful completion of a drug treatment program did not violate Petitioner's right to due process because Petitioner did not have a protected liberty interest in early release.  The BOP's decision did not deprive Petitioner of equal protection of the law because the facts as alleged indicate a mere inconsistency or erroneous decision, which is not a cognizable equal protection claim.  In addition, the decision was rationally related to a legitimate governmental interest.

Accordingly, Petitioner's application for a writ of habeas corpus [Doc. #1, June 12, 2004], his supplemental "motion" [Doc. #7, Aug. 2, 2004], and his motion for summary judgment [Doc. #14, Sept. 23, 2004] are **DENIED**.  Petitioner's requests for appointment of counsel and oral arguments are denied as unnecessary.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 14, 2005

10

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 14, 2005.

s/Carol A. Pinegar

Deputy Clerk